[Civil No. 3693. Filed November 16, 193b.]

[62 Pac. (2d) 127.]

# METROPOLITAN LIFE INSURANCE COMPANY, a Corporation, Appellant, v. ELSIE REYNOLDS, Appellee.

Messrs. Armstrong, Kramer, Morrison & Roche, for Appellant.

Messrs. Silverthorne & Van Spanckeren, for Appellee.

ROSS, J.—The defendant insurance company in its motion for rehearing insists that our opinion is erroneous in two respects:

1. It says: "The complaint was absolutely impervious to a demurrer. It did allege a good cause of action on its face," and that therefore the court

erred in holding that because no demurrer was filed to the complaint the policies of insurance were admissible in evidence. The criticism of the opinion is well taken. The policies were admissible but not for the reason given. What we should have said is that the cause of action alleged in the complaint was not such a departure from the contract of insurance as to amount to a material or fatal variance between the allegations and the proof, and that therefore the policies were properly admissible in evidence. It seems to us that a complaint based upon a policy issued October 7, 1925, ''alleging, in substance, that the insured . . . during 1934 became totally and permanently disabled by bodily injury or disease so that he was prevented from performing work for compensation,'' etc., states, in effect, that the insured *had become disabled as a result of bodily injury or disease occurring and originating after the issuance of the policies,* which is the condition of the policies.

2. This is a reargument of the merits or an effort to convince the court that it was wrong in holding that the health insurance was not against the medical or pathological cause, but rather the disabling disease itself. We see no reason to change our views on this point.

LOCKWOOD, C. J., and McALISTER, J., concur.